IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Palmer,<br><br>Plaintiff,<br><br>v.<br><br>Farihah Syed, Officer Cokely,<br><br>Defendants. | Case No. 25-cv-00857<br><br>Judge Mary M. Rowland |

### ORDER

Plaintiff William Palmer brings this *pro se* lawsuit against Defendants Farihah Syed and Officer Cokely. [1]. Before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"). [5]. For the reasons explained herein, Plaintiff's IFP application [5] is denied without prejudice.

### STATEMENT

The federal *in forma pauperis* statute allows a litigant to pursue a case in federal court without paying fees provided that the litigant submits an affidavit which asserts an inability to pay, 28 U.S.C. § 1915(a)(1), and as long as the action is not frivolous or malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

#### *A. IFP Application*

"To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec. Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021) (citing 28 U.S.C. § 1915(a)(1)). "In order to proceed in forma pauperis, 'a plaintiff's income must be at or near the poverty level.'" *Barnes v. Reynolds*, No. 20-CV-5796, 2021 WL 4945191, at *2 (N.D. Ill. Feb. 1, 2021) (citations omitted).

Palmer's IFP application states that he has "small jobs sometime[s]" but does not state how much income he has earned over the past 12 months. [5] at 2. In the section titled "self-employment, business or profession", Palmer states that his income "v[a]ries". *Id.* at 1. He does not provide any other information, including

1

whether he receives income from any other sources such as: unemployment, public assistance, welfare, pensions, life insurance, settlements or judgments.

Palmer must provide more information regarding his financial status and how much income he has earned over the past 12 months. How does he pay for necessities like rent and food? Indeed, Palmer may qualify for *in forma pauperis*, but he is required to accurately report his financial condition before the Court can find he is indigent and unable to pay. Palmer has left much of his IFP application blank. 28 U.S.C. § 1915(a)(1). Given the lack of information, the Court denies Palmer's IFP application [5].

The Court will allow Palmer to file an amended IFP application by **July 15, 2025**. If Plaintiff chooses to do so, he must fully disclose his financial condition. *Effinger*, 546 F. Supp. 3d at 717.

## CONCLUSION

For the reasons stated herein, Plaintiff's IFP application is denied without prejudice. Plaintiff has until **July 15, 2025,** to file an amended IFP application or to pay the full filing fee in this case. If Plaintiff does not comply with this order by that deadline this case may be summarily dismissed. The Clerk is directed to send this Order and a blank IFP application to Plaintiff.

E N T E R:

Dated: June 11, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge