IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM PALMER, <br><br> Plaintiff <br> v. <br><br> OFFICER COKELY, <br><br> Defendant. | Case No. 25-cv-00857 <br><br> Judge Mary M. Rowland |

## ORDER

Plaintiff William Palmer brings this *pro se* lawsuit against Defendant Officer Cokely. [16]. Before the Court is Plaintiff's amended complaint for initial screening under 28 U.S.C. § 1915(e)(2). For the reasons explained herein, Plaintiff's amended complaint is dismissed with prejudice. Civil case terminated.

## DISCUSSION

The Court previously granted Plaintiff IFP status. *See* [14]; [18]. The Court therefore turns to Plaintiff's Complaint [16]. After finding a person qualifies to proceed *in forma pauperis*, the Court must screen the complaint and dismiss the action if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* complaints are held to a less stringent standard, they are not excused from meeting the basic requirements of the federal rules. *Killebrew v. St. Vincent Health*, 295 Fed. App'x 808, 810 (7th Cir. 2008).

Plaintiff alleges in his amended complaint that on December 26, 2024, he entered the Daley Center for "official court business." [16] at 2. He alleges that he is "legally entitled to possess and carry a firearm under Indiana's 'constitutional carry' law, which does not require a permit." *Id.* Plaintiff further alleges that he "placed his

1

backpack on the security screening conveyor belt", which "unbeknownst to him", contained a "handgun he lawfully possesses in Indiana". *Id*. at 3. "The handgun was discovered by the X-ray scanner" and "Plaintiff was … informed of its presence by Officer Falcon of the Cook County Sheriff's Police". *Id*. Plaintiff alleges that he was "surprised by the discovery" and "cooperated with the officers". *Id*. In so doing, Plaintiff alleges that he "gave a recorded statement explaining that he resides in Indiana, that he had forgotten the firearm was in his bag, and that its presence was a harmless error and an act of excusable neglect." *Id*. Plaintiff further alleges that he did not "act in a threatening manner, brandish the weapon, or demonstrate any criminal intent". *Id*. Additionally, Plaintiff alleges that his "possession was entirely passive, and … unknowing". *Id*. Plaintiff alleges that, "despite the complete lack of criminal intent and the clear evidence of an innocent mistake, Plaintiff was arrested." *Id*. He alleges that an Assistant State's Attorney ("ASA") reviewed the facts and approved the filing of a criminal charge against Plaintiff: Unlawful Use of a Weapon pursuant to 720 ILCS 5/24/-1. *Id*. Officer Cokely, "acting under color of state law, became the complaining witness and personally signed the official Felony Complaint against Plaintiff, formally initiating a baseless and unconstitutional criminal prosecution". *Id*. Plaintiff alleges Officer Cokely's actions "directly caused Plaintiff to be unlawfully seized, detained, and subjected to a malicious and unconstitutional criminal prosecution." *Id*.

Plaintiff brings two claims under Section 1983 against Cook County Sheriff Officer Cokely, *id*. at 4-5, Count I alleges a deprivation of Plaintiff's Second Amendment rights, and Count II alleges his Unlawful Seizure and Malicious Prosecution in violation of the Fourth and Fourteenth Amendment.[1]

Although this is Plaintiff's second attempt at filing a claim against Deputy Sheriff Cokely, the Court is unable to discern a claim against him under Section 1983, whether for a Second, Fourth or Fourteenth Amendment violation. To state a claim under § 1983, Plaintiff must claim that the defendant acted "under color of state law to deprive [him] of his rights." *Crane v. Logli,* 992 F.2d 136, 138 (7th Cir.). On the facts alleged, Plaintiff does not allege a plausible claim that Officer Cokely violated Plaintiff's constitutional rights.

Plaintiff alleges that Officer Cokely signed the felony complaint that the ASA, who has absolute prosecutorial immunity, prepared. The Seventh Circuit has explained, in the malicious prosecution context, that "the State's Attorney, not the police, prosecute[] a criminal action." *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th

---

[1] Plaintiff's claim under the Fourteenth Amendment sounds in the Fourth Amendment. *See Jackson v. City of Chicago*, 2024 WL 5264703, at *5 (N.D. Ill. Dec. 31, 2024) (The Supreme Court has "foreclosed claims related to pretrial detention brought under the *Fourteenth Amendment*.") (citing *Manuel v. City of Joliet, Ill*., 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the *Fourth Amendment*.") (emphasis added). Plaintiff's Fourteenth Amendment claim is therefore dismissed with prejudice.

2

Cir. 1996). Because of that, "the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor." *Id*.

In this case, Plaintiff has not alleged that Officer Cokely pressured the prosecutor to file charges against him. Instead, he alleges that the prosecutor reviewed the facts and filed charges against Plaintiff, and subsequently, after charges were *already approved*, Officer Cokely signed the Felony Complaint. Further supporting dismissal, Plaintiff has made no allegations that Officer Cokely made misstatements to the prosecutor which contributed to the *prosecutor's* decision to initiate charges against him. In sum, Officer Cokely's signing of the Felony Complaint does not rise to a plausible allegation of a constitutional violation, as is required to maintain a Section 1983 claim. Aside from the allegation that Officer Cokely signed the Felony Complaint, there are no other allegations involving him. Plaintiff's Section 1983 claims under the Fourth Amendment are dismissed.[2]

Turning to Plaintiff's claim under the Second Amendment, Officer Sheriff Cokely would not be the proper defendant for such a constitutional challenge to a state law. Moreover, Plaintiff is mistaken that Illinois cannot place restrictions on his right to bear arms in a government facility because he is from Indiana. The Supreme Court stated in *District of Colombia v. Heller*, 554 U.S. 570, 592 (2008) that "nothing in [their] opinion should be taken to cast doubt on longstanding prohibitions on … laws forbidding the carrying of firearms in sensitive places such as schools and *government buildings…*") (emphasis added). Here, Illinois prohibits individuals, regardless of their state of residency, from possessing firearms in the Daley Center: a government building. 720 ILCS 5/24-1a (13). This restriction appears permissible under *Heller* and the Second Amendment. As stated, it is not properly alleged against Deputy Sheriff Cokely. This claim is therefore dismissed. With no remaining claims, the Court dismisses the complaint.

Plaintiff has already had one opportunity to amend his complaint. [13]. Therefore, the matter is dismissed with prejudice.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's amended complaint is dismissed with prejudice. Judgment to enter. Civil case terminated.

---

[2] It is unclear how Plaintiff's criminal case was resolved. The Court notes that *Heck v. Humphrey*, 512 U.S. 477 (1994) requires that a Section 1983 claim for damages requires the conviction to be reversed or invalidated. *See e.g. McDonough v. Smith*, 588 U.S. 109, 118-19 (2019) (discussing *Heck*'s "favorable termination" requirement).

E N T E R:

Dated: December 8, 2025

MARY M. ROWLAND
United States District Judge

4